Supreme Court, New York Special Term. Reported. N. Y. L. J., March 15, 1904.

In the Matter of the Petition of PATRICK W. CULLINAN, as State Commissioner of Excise, for an Order Revoking and Cancelling Liquor Tax Certificate No. 2,568, Issued to ELIZABETH SCHROEDER.

*Herbert H. Kellogg,* attorney for petitioner.

*James J. Walsh,* attorney for respondent.

BISCHOFF, J.: Upon the evidence before me it is impossible to hold that the preponderance is with the petitioner. If the defendant's witnesses are believed this saloon was closed at the time when the petitioner's witnesses swear it was open for business. While of a negative character the defendant's evidence excludes the possibility that the saloon was open, and the circumstances afford no corroboration of the testimony of one set of witnesses rather than the other. Schroeder and the two bartenders, sworn to be the only persons having means of access and the sole persons engaged in the business conducted at this saloon, testify that they were not at the saloon during these hours, that it was locked and that neither one unlocked it. If this testimony be true there remains only the positive inference that no liquor was sold, and the petitioner's evidence to the contrary merely places the evidence in balance. In a proceeding of this kind, where the court is called upon to determine the facts upon a transcription of the evidence, without seeing and hearing the witnesses, the question of credibility must depend upon circumstances extrinsic to the testimony of a particular witness whose statements are sought to be given the lesser weight, or upon some inherent improbability. Here, as I have said, there is merely contradiction between the witnesses with nothing to strengthen the credibility of one class or to weaken the credibility of the other, and the party having the burden of proof must fail.

Motion denied and proceedings dismissed, with costs.